IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE F. BUTKO,

      Plaintiff,                                      08cv0869
                                                  **ELECTRONICALLY FILED**
      v.

THE MEADOWS *also known as* LADBROKE
RACING MANAGEMENT PENNSYLVANIA,
INC., SPORTS ARENA EMPLOYEE'S
LOCAL 137, LABORERS INTERNATIONAL
UNION OF NORTH AMERICA, AFL-CIO,

      Defendants.

**ORDER OF COURT DENYING MOTION TO DISMISS
(DOC. NO. 6) AND MOTION TO SEVER CLAIMS**

On September 22, 2008, this Court entered an Order (doc. no. 16) cancelling the case management conference, converting defendant's motion to dismiss to a motion for summary judgment, and directing plaintiff to file an additional response thereto. Regarding the motion to dismiss, the Order stated as follows:

> Defendant [the Meadows, a/k/a Ladbroke Racing Management Pennsylvania, Inc., whose correct name is "MEC Pennsylvania Racing, Inc." or "MEC"] has filed a motion to dismiss (doc. no. 6) the complaint on the grounds that the EEOC issued its right to sue letter on March 5, 2008, and, therefore, plaintiff's ADA claim at Count I of her Complaint filed on June 23, 2008, is untimely as not being within the 90 days window for filing such claims in federal court. Defendant further moves to dismiss the related Pennsylvania PHRA claim addressed to this Court's supplemental jurisdiction if the Court grants its motion to dismiss the ADA claim.

> As plaintiff points out in her brief in opposition, the motion to dismiss, which was filed on September 15, 2008, is predicated on the assumption that plaintiff and/or her attorney received the EEOC letter on or about the same date

that counsel for defendant received a copy of the letter, i.e., on March 5, 2008.[1] Counsel for plaintiff denies receiving a copy of the right to sue letter, and given that the motion to dismiss was filed only a week ago, has been unable to communicate with his client to verify when (or even whether) plaintiff received a copy of the letter. Plaintiff does not dispute, however, that if the letter was actually received by plaintiff on or around March 5, 2008, the ADA claim would be untimely. In her response, plaintiff states:

> 8. Because of the compressed (seven-day) time frame allowed by the Court for response to MEC's motion, undersigned counsel has been unable to obtain an affidavit from Butko in which she could aver that, like her counsel, she did not receive a copy of the right to sue letter against MEC. Since September 16, 2008, undersigned counsel has contacted Butko at her last known phone number and through her last known intermediary, but has yet to here [sic] back from Butko.
>
> 9. In the absence of a more fully-developed evidentiary record, the creation of which has been rendered impractical by this Court's decision to require a response to MEC's motion within seven days, MEC's motion should be denied without prejudice.

Plaintiff's Response to Defendant MEC Pennsylvania Racing Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12, ¶¶ 8-9.

> Given this Court's cancellation of the Initial Case Management Conference, plaintiff will be given an opportunity to file an affidavit and any additional supporting documentation on the simple issue of whether and when she received notice of the EEOC's determination and its right to sue letter. *The Court will also accept plaintiff's invitation to treat the motion to dismiss as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d) and Fed.R.Civ.P. 56, and will make its determination within the summary judgment framework*, after considering the affidavits and any other evidence offered in support and in opposition to summary judgment.

Order of Court (doc. no. 16), at 3-4 (emphasis added).

In her Supplemental Response (doc. no. 17), plaintiff attaches her affidavit asserting that she never received a copy of the right to sue letter and that her address has remained unchanged

---

[1] This was a misstatement of MEC's argument, which is actually that the EEOC letter was sent on March 5th and received by counsel for MEC on March 10th.

for three years, and an affidavit of the secretary for her attorney's law firm, Ms. Joann Matoka, who asserts that the law office did not receive a right to sue letter for Butko before March 26, 2008, at the earliest. In her affidavit, Ms. Matoka asserts as follows: she is solely responsible for all mail handling and calendar/deadline control via a computer calendar system; she is quite familiar with right to sue letters and follows a regular business practice of entering the complaint filing deadlines into the calendar control system based on the date of receipt; she was not absent during March 2008, with the exception of Good Friday, March 21, 2008, when the office was closed; she has reviewed the calendar control system and determined that the only filing deadline entered for Butko for a right to sue letter received in March 2008 was a one-day tickler notice for Friday, June 20, 2008, indicating a filing deadline of the next business day, Monday, June 23, 2008; she has no recollection, independent or otherwise, of receiving a right to sue letter for Ms. Butko on or before March 26, 2008.

**Motion for Summary Judgment.**

Having converted defendant's motion to dismiss to a motion for summary judgment, the standards for reviewing a motion for summary judgment are as follows:

> Under Federal Rule of Civil Procedure 56(c), summary judgment is proper where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the party against whom summary judgment was entered, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.)

The statutorily-created ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990) (notice is received when the EEOC delivers its letter to a claimant or the claimant's attorney). The ninety-day filing period is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). Rather, it is treated as a statute of limitations and subject to equitable tolling. *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit has held that this statute of limitations is an affirmative defense and that the burden of proof "rests solely on the employer." *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (citation omitted). "Proof of the expiration of the statute of limitations requires proof of the lawful start of the limitations period." *Id.*

In *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), the United States Court of Appeals for the Third Circuit set forth the standards for gauging the timeliness of the civil complaint as follows:

> 42 U.S.C. § 2000e-5(f)(1) provides that if the EEOC takes no action on a complaint within a specified period of time, the agency "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought. . . ." *Id*. We have construed this provision to mean that the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency. See *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986). The EEOC's right-to-sue letter also informs the claimant that he or she has ninety days after receipt in which to file suit. See *id*. at 252-53. Therefore, the date on which Seitzinger received the letter becomes critical.
>
> When the actual date of receipt is known, that date controls. *Dixon v. Digital Equip. Corp.*, 1992 WL 245867, *1 (4th Cir. 1992) (unpublished disposition); *Peete v. American Standard Graphic*, 885 F.2d 331 (6th Cir. 1989). However, in the absence of other evidence, courts will presume that a plaintiff

received her right-to-sue letter three days after the EEOC mailed it. See
Fed.R.Civ.P. Rule 6(e); *Mosel*, 789 F.2d at 253 n. 2 (stating that the Supreme
Court has suggested that Rule 6(e) applies when parties dispute the date of
receipt). Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has
the benefit of the full ninety-day period when the date of actual receipt is
unknown.[2]

165 F.3d at 239.

In *Ebbert*, when the employer asserted that the plaintiff had received oral notice that the EEOC had decided to end its investigation and that she had ninety days in which to bring suit, it had the burden of demonstrating these facts, but the evidence it presented was insufficient to meet its burden. *Id*. at 116-17. So too in this case.

Defendant MEC has demonstrated that the EEOC's right to sue letter was sent on March 5, 2008, and that counsel for the defendant received her copy on March 10, 2008. The critical question, however, is when plaintiff or her attorney received a copy of the letter. Plaintiff's affidavit avers that she never received the letter, and Ms. Matoka's affidavit indicates that a copy of the letter was not received in counsel's office until March 26, 2008 or later. A March 26, 2008 date of receipt would render the civil complaint timely filed on June 23, 2008.

While plaintiff's evidence is not crystal clear, and while it may be somewhat inconsistent with counsel's initial response that "counsel's office did not receive a copy of a right to sue letter from EEOC regarding Butko's discrimination charge against MEC . . . ," Plaintiff's Response to Motion to Dismiss (doc. no. 15), at ¶ 7, it is sufficient to disarm the three day presumption of Fed.R.Civ.P. 6(d) in the absence of evidence to contradict plaintiff's sworn assertions.

MEC has not met its burden of proving that plaintiff or her attorney received the right to

---

[2] The three day presumption in former Rule 6(e) is now found at Fed.R.Civ.P. 6(d).

sue letter prior to March 26, 2008, and this Court cannot say, as a matter of law, that the civil complaint is untimely. The converted motion to dismiss will, therefore, be denied, but without prejudice to raising the timeliness issue following discovery, should additional evidence be adduced that would support defendant's untimeliness defense.

**Motion to Sever.**

MEC's motion to sever the claims against it from the claims against Sports Arena Employee's Local 137, Laborers International Union of North America, AFL-CIO, is not docketed as such, nor is it filed as a separate motion. Plaintiff responded to the motion to sever, and the Court agrees with plaintiff's assessment and finds said motion to be without merit.

For the foregoing reasons, defendant MEC's Motion to Dismiss Plaintiff's Complaint (doc. no. 6), as converted to a motion for summary judgment, is HEREBY DENIED without prejudice. Defendant MEC's motion to sever is also DENIED.

An Initial Case Management Conference will be scheduled by separate Order of Court.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc:     All Registered ECF Counsel and Parties